UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
DEC -4 2017
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

RENEE FEREBEE, )
) 
Plaintiff, )
)
v. ) Civil Action No. 17-2148 (UNA)
)
GEORGE WASHINGTON HOSPITAL, *et al.*, )
)
Defendants. )

## MEMORANDUM OPINION

This matter comes before the court on review of plaintiff's application to proceed *in forma pauperis* and *pro se* civil complaint. The Court will grant the application, and dismiss the complaint without prejudice.

Complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even *pro se* litigants, however, must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a). The purpose of the minimum standard of Rule 8 is to give fair notice to the defendants of the claim being asserted, sufficient to prepare a responsive answer, to prepare an adequate defense and to determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Plaintiff's cause of action arose from her visit to the George Washington Hospital. She explained that she "entered the establishment (GW Hospital) only to sleep, because [she] was

homeless at the time." Compl. at 1. When plaintiff reviewed the discharge papers, she objected to information suggesting that she is diabetic. *Id.* at 2. According to plaintiff, the incident was another of "all the conspiracies . . . going on around her." *Id.* She allegedly "is the only lady in this society, who society is forever scrutinizing, conspiring, being falsely accussed [sic] . . . , stalking, invasion of privacy, so forth, so on." *Id.* at 3. Plaintiff has demanded "five hundred million dollars in punitive damages, tort, defamation of character, age, conspiracy, intent to harm (kill)," because she now has a "fear of going to see a physician[.]" *Id.*

The Court finds that the complaint, which appears to be grounded in tort law, fails to set forth allegations with respect to this Court's federal jurisdiction, a claim showing plaintiff's entitlement to relief, or a valid basis for an award of damages of $500 million. The complaint, as drafted, does not comply with Rule 8(a), and the Court will dismiss it without prejudice.

An Order consistent with this Memorandum Opinion is issued separately.

DATE: 11/30/2017

_____
United States District Judge